# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

|  |  |
|---|---|
| In re: | Chapter 13 |
|  | Case No. 11-41677-MSH |
| LOUISE A. KLAVEN |  |
| DAVID A. NAUGLE |  |
| Debtors |  |

## ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

The debtors seek confirmation of a chapter 13 plan in which they propose to pay no dividend to their general unsecured creditors, whose claims, according to the plan, total $194,329.45, while retaining, among other assets, a Disneyworld timeshare valued by the debtors at $29,250, subject to a security interest of $23,040 and a payment obligation of $480 per month. In response to a request for input as to why the debtors' plan was proposed in good faith, the debtors filed a statement representing that the timeshare is their sole means of recreation and place of recuperation from various physical ailments. They also noted that they receive rental income of $166 per month to offset some of the cost to maintain the timeshare.

I am not persuaded by the debtors' arguments in favor of confirming the plan. Good faith, which is a condition to confirmation under Bankruptcy Code § 1325(a)(3) (11 U.S.C. § 101 *et seq.*), implicates the totality of the circumstances surrounding a chapter 13 case. *Sullivan v. Solimini* (*In re Sullivan*), 326 B.R. 204, 209 (B.A.P. 1st Cir. 2005).

Here, the debtors propose to pay their unsecured creditors nothing while retaining a vacation venue costing them at least $314 per month, net of any rental income they may receive. Redirecting the funds dedicated to the Disney timeshare to their chapter 13 plan instead, even after

1

reserving a reasonable monthly allowance for recreation, would result in a meaningful dividend to unsecured creditors.

Chapter 13, unlike chapter 7, confers significant benefits upon debtors, most prominently the ability to save their homes by repaying mortgage arrears over time and stripping away wholly unsecured mortgages. Presumably the debtors in this case chose chapter 13 over chapter 7, where they could have retained the Disney timeshare as an exempt asset, in order to enjoy these benefits. Indeed, in their plan they propose both to cure an outstanding prepetition first mortgage arrearage of $15,000 and to strip off a wholly unsecured second mortgage of $40,000.

But benefits come at a cost. That is why chapter 13 is described in terms of a bargain between debtors and creditors. *In re Amos*, 452 B.R. 886, 894 (Bankr. D.N.J. 2011) ("The architecture of chapter 13 is essentially a bargain, allowing debtors to keep property only by agreeing to make some meaningful payment to creditors."). In the context of zero percent or de minimis (less than five percent) plans, I believe that in evaluating the creditors' side of the chapter 13 bargain, the good faith requirement of 11 U.S.C. § 1325(a)(3) must supplement the strictly mathematical liquidation test of 11 U.S.C. § 1325(a)(4). The bargain between the debtors and creditors as currently reflected in the debtors' chapter 13 plan tilts so dramatically in the debtors' favor as to cause the plan to fail the test of good faith. Therefore, confirmation of the debtors' chapter 13 plan is DENIED.

Dated: July 18, 2012    By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

2